The STATE of Ohio, Appellee,

v.

STERN, Appellant.

[Cite as *State v. Stern* (2000), 137 Ohio App.3d 110.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990216.

Decided March 24, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *June Wagner,* Assistant Prosecuting Attorney, for appellee.

*William R. Gallagher,* for appellant.

GORMAN, Judge.

Defendant-appellant, Jason Stern, claims that he received a harsher sentence than his co-defendant, who participated in the same burglary and robbery. He appeals from the verdict and the sentence entered in the Hamilton County Court of Common Pleas after a jury found him guilty of one count of aggravated burglary, in violation of R.C. 2911.11(A)(2), and two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), all felonies of the first degree. A trial

court must impose consistent sentences "for similar crimes committed by similar offenders." But similar sentences for co-defendants are not required where, as here, one defendant is sentenced for an additional first-degree felony. We affirm the judgment of the trial court.

On the evening of May 20, 1998, Stern forcibly entered the front door of the Kelly residence. Brandishing a gun, Stern herded Brenda Kelly, her daughter Dornice, and her son Montez into the kitchen and ordered them to lie on the floor. Stern, or another at Stern's command, opened the back door of the residence and admitted LeDon Richardson. The two proceeded to rob the family. Before fleeing, the two obtained Dornice's purse and gym bags containing a jewelry box, a CD player, and a television. Richardson's car was soon stopped. Stern and Richardson were apprehended with a gym bag containing the Kellys' CD player. Dornice's purse and a gun were also recovered in the passenger compartment. Stern and Richardson were identified by the Kellys as the perpetrators of the offenses.

Stern and Richardson were jointly indicted. Richardson waived a jury trial. He was acquitted of the aggravated robbery of Brenda Kelly, but was found guilty of aggravated burglary and of the aggravated robbery of Dornice Kelly. On September 1, 1998, the trial court sentenced Richardson to two consecutive prison terms of three years each. This court affirmed the conviction and sentence in *State v. Richardson* (July 21, 1999), Hamilton App. No. C–980786, unreported.

Stern demanded a jury trial. In October 1998, a jury was unable to reach agreement on any charge, and the same judge who had presided at Richardson's trial declared a mistrial and discharged the jury. That judge then empanelled a second jury, which returned verdicts of guilty on all the counts.[1]

The trial court requested a presentence investigation and received a detailed sentencing brief prepared by Stern. At a March 5, 1999 hearing, Stern's trial counsel maintained that Stern's conduct was virtually the same as Richardson's except that Stern chose a trial to a jury. He argued that they "share equal culpability with the exception that the allegation Mr. Stern was in–the first one in the house, because the testimony was that the gun was exchanged between both parties. Both parties did almost identical activity after the allegation of Mr. Stern coming into the house." Upon Stern's motion, the trial court admitted a transcript of the evidence taken in Richardson's prosecution and a copy of Richardson's presentence investigation. Counsel noted that Richardson had an extensive criminal record and indicated that Stern had recently been diagnosed

---

1. Stern was also convicted, in count one, of escape, in violation of R.C. 2921.34(A). He received a ninety-four-day term of imprisonment that was also credited.

with manic depression. Stern's uncle testified in mitigation. Counsel for Stern acknowledged the need for a significant period of incarceration and urged the court to impose the same six-year term given to Richardson.

The state then requested a sentence of fifteen to twenty years' imprisonment, noting that Stern was the first one to enter the Kelly home, that he brandished the gun and later convinced Richardson to hold the gun on the Kellys while he searched for drugs and money, and that he also had a significant felony record.

The trial court, in announcing its findings and imposing sentence, gave Stern credit for the two hundred eighty-nine days already served. For count two, aggravated burglary, the court imposed a seven-year prison term. For count three, the aggravated robbery of Dornice Kelly, the court imposed a five-year prison term. For count four, the aggravated robbery of Brenda Kelly, the court imposed another five-year prison term. The sentences for counts three and four were to be served concurrently, and the sentence for count two was to be served consecutively to the sentences for counts three and four, for a total of twelve years of imprisonment. The trial court journalized its sentencing worksheet, which memorialized its findings in support of the sentences. See R.C. 2929.12 and 2929.14(E).

In his third assignment of error, Stern contends that, as a co-defendant in the same crimes, indicted for the same offenses in one instrument, he was entitled to a sentence similar to the six-year term imposed upon Richardson. But when the trial court essentially doubled that sentence, he asserts, the punishment was not supported by the record and was "otherwise contrary to law," as it violated the statutory requirement for consistent sentencing. R.C. 2953.08(G); see R.C. 2929.11(B). The state has not rebutted Stern's argument, but, with citation to pre-Senate Bill 2 cases, has instead claimed that disparity in sentencing does not justify reversal when the sentence under review is neither illegal nor an abuse of discretion.

" '[A]buse of discretion' is no longer the standard of review for sentences." *State v. Shryock* (Aug. 1, 1997), Hamilton App. No. C–961111, unreported, 1997 WL 1008672. A defendant may appeal the imposition of a sentence that is contrary to law. See R.C. 2953.08(A)(4). "As appellate decisions are to be the new benchmarks for sentencing consistency, if the reviewing court 'clearly and convincingly' finds insufficient the trial judge's basis for imposing a prison term * * * it must vacate the sentence and exercise one of the appellate options provided by [statute]." *State v. Shryock*. Because Stern's trial counsel supplemented the record to include Richardson's presentence investigation and a transcript of Richardson's trial, this court has an adequate basis to determine if the sentences are consistent.

R.C. 2929.11 requires a felony sentencing court to be guided by the "overriding purposes" of protecting the public from future crime and punishing the offender. In achieving these overriding purposes, the sentencing court must ensure that the sentence is commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim. The court must also ensure that the "sentence * * * shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). The statutory mandate for consistent sentencing is an essential consideration when sentencing co-defendants. See Griffin & Katz, Ohio Felony Sentencing Law (1999) Section T4.41; see, also, Anderson's Ohio Criminal Practice and Procedure (5 Ed.1999) 291–292, Section 33, Appendix A.

In imposing Stern's sentence, the trial court explained why it did not impose a sentence similar to Richardson's. First, the court noted that neither had shown any remorse, that both had significant criminal records, and that both were under a type of court control when they invaded the Kelly home. Richardson was on probation; Stern was on parole from a three-to-fifteen-year period of confinement for burglary. The court then found that Stern was the ringleader and the principal offender in the charged offenses. Noting that Stern was the first to enter the Kelly home and that, brandishing a gun, he had herded the family members into the kitchen and then admitted Richardson, the court then remarked, "The codefendant in this case was found guilty of two counts, not three like you, Mr. Stern."

As contemplated by the sentencing guidelines, the trial court stated its reasons and findings in the record. We are unable to "clearly and convincingly" find that the trial court's basis for imposing a longer term of imprisonment on Stern was not supported by the record or was otherwise contrary to law. The longer term of imprisonment imposed on Stern was justified. He was convicted of three first-degree felonies, while his co-defendant had only been convicted of two. In both instances, the aggravated-burglary sentence was made concurrent with an aggravated-robbery sentence. The court made the findings mandated by R.C. 2929.14(E) for the imposition of consecutive sentences and imposed a sentence on Stern for an additional aggravated-robbery conviction. In *State v. Hook* (Aug. 6, 1997), Marion App. No. 9–97–21, unreported, 1997 WL 445814, one co-defendant entered a plea of guilty to a lesser third-degree-felony burglary charge and received a lesser sentence than his co-defendant, who was convicted on a more serious second-degree-felony burglary charge at trial. Here, as in *Hook*, consistent sentences were not required because one defendant was sentenced for an additional first-degree felony that the other avoided by acquittal. The third assignment of error is overruled.

■ In two interrelated assignments of error, Stern also challenges the weight and the sufficiency of the evidence adduced to support his convictions. Stern notes that much of the Kellys' testimony was confused and often contradictory. Our review of the entire record fails to persuade us that the jury, acting as the trier of fact and resolving the various factual disputes in the testimony, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652; *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 546–547; see, also, *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Moreover, the record reflects substantial, credible evidence from which it could be reasonably concluded that all elements of the charged crimes were proven beyond a reasonable doubt. See *State v. Waddy* (1992), 63 Ohio St.3d 424, 588 N.E.2d 819. The first and second assignments of error are overruled.

In his fourth assignment of error, Stern argues that the trial court erred in making the concurrent terms of imprisonment for the two aggravated-robbery counts consecutive to the term of imprisonment for the aggravated burglary. Relying upon the multiple-punishment proscriptions of the Double Jeopardy Clause, Stern claims that because the aggravated-burglary count was premised upon the aggravated-robbery charges, there was no separate animus, and that they represented a "single course of conduct which should result in one sentence being imposed."

■■ A strict comparison-of-the-statutory-elements test is now used to determine whether offenses are allied and of similar import. See *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus. This test consists solely of a textual analysis of the statutory provisions to determine whether the elements of the charged offenses "correspond to such a degree that the commission of one crime will result in the commission of the other." *Id.* at 638, 710 N.E.2d at 704. The test must be performed in the abstract, without regard to the facts of the particular case. If the two offenses each contain a separate element, "the offenses are of dissimilar import and the court's inquiry ends—the multiple convictions are permitted." *Id.* at 636, 710 N.E.2d at 699.

■ As charged in the indictment, aggravated robbery required proof that, while committing a theft offense, Stern had a deadly weapon and used or brandished it. See R.C. 2911.01(A)(1). Aggravated burglary, as charged in the indictment, required, *inter alia,* proof that Stern trespassed in an occupied structure with purpose to commit a criminal offense. See R.C. 2911.11(A)(2). "[A]ligning the [statutorily defined] elements of each crime in the abstract," we hold that each offense required proof of an element that the other did not, and that they were not allied offenses of similar import. *State v. Rance,* 85 Ohio

St.3d at 638, 710 N.E.2d at 705. The multiple convictions and consecutive punishment, otherwise sanctioned by R.C. 2929.14, were permitted. The fourth assignment of error is overruled.

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., and DOAN, J., concur.