OPINION
On January 24, 2000, defendant-appellant, John Robert Lawson, pled guilty to one count of trafficking in cocaine, in violation of R.C.2925.03, a third-degree felony. On April 7, 2000, the trial court issued a judgment entry sentencing defendant to a term of incarceration of three years, suspending defendant's driver's license for five years, fining defendant $5,000 and imposing $168 in court costs. Defendant appealed this sentence. During the pendency of the appeal, defendant filed a post-conviction petition, alleging that he was denied due process of law because the sentence imposed upon him was not consistent with sentences imposed for similar crimes committed by similar offenders. Defendant now appeals from the trial court's denial of this petition and the denial of defendant's motion for judicial release. For the reasons that follow, we affirm.
Defendant filed his post-conviction petition on November 27, 2000. Approximately a month later, this court issued a decision on defendant's direct appeal. See State v. Lawson (2000), Franklin App. No. 00AP-509. (For sentencing and direct appeal, the instant matter was combined with defendant's conviction for one count of trafficking in cocaine, a fifth-degree felony, and one count of trafficking in LSD, a felony in the fourth degree.) After affirming the trial court's judgment in part and reversing in part, we remanded this matter to the trial court to rule on defendant's indigent status and to recalculate defendant's jail-time credit.
On June 18, 2001, the trial court issued an amended judgment entry, stating that the previous judgment entry, issued April 7, 2000, contained an error. The amended judgment entry corrected the previous entry's failure to specify that the three-year prison sentence was mandatory pursuant to R.C. 2925.03(C)(4)(d).
On July 18, 2001, defendant filed a motion for judicial release. Despite the issuance of the amended judgment entry that explicitly stated the mandatory nature of defendant's prison sentence, defendant maintained in his motion for judicial release that, pursuant to the trial court's sentencing entry and R.C. 2929.20, he was an "eligible offender" for judicial release.
On January 9, 2002, the trial court held a hearing to address all outstanding matters: the petition for post-conviction relief, the motion for judicial release, and the modifications to defendant's sentence necessitated by this court's decision on defendant's appeal. In an entry dated January 29, 2002, the trial court issued its judgment as to all three matters. First, the trial court denied defendant's post-conviction petition because it determined that defendant's claims were barred by the doctrine of res judicata. Second, the trial court dismissed defendant's motion for judicial release because it determined that defendant's mandatory three-year sentence precluded him from being an "eligible offender" for judicial release pursuant to R.C. 2929.20. Finally, the trial court suspended the fine levied against defendant in the original judgment entry and credited defendant with 90 days jail-time credit.
On February 7, 2002, defendant filed an appeal from the trial court's January 29, 2002 judgment entry.
On appeal, defendant assigns the following errors:
First Assignment of Error:
 THE TRIAL COURT ERRED IN IMPOSING A SENTENCE THAT WAS NOT CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR OFFENSES COMMITTED BY SIMILAR OFFENDERS, AS REQUIRED BY SECTION 2929.11(B), O.R.C., ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, THEREBY DENYING DEFENDANT OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW
Second Assignment of Error:
 THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S POST-CONVICTION PETITION
Third Assignment of Error:
 THE TRIAL COURT ERRED IN ENFORCING THE SENTENCE OF THE COURT AS A MANDATORY SENTENCE
Fourth Assignment of Error:
 THE TRIAL COURT ERRED IN FAILING TO CORRECT THE JUDGMENT ENTRY FILED APRIL 7, 2000 DEPRIVING DEFENDANT-APPELLANT OF THE CONSTITUTIONAL RIGHTS OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES AND STATE OF OHIO
We will first consider defendant's second assignment of error, by which defendant maintains that the doctrine of res judicata does not bar post-conviction relief in his favor. Pursuant to R.C. 2953.21(A)(1):
 (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
However, in the interest of providing finality to judgments of conviction, courts construe the post-conviction relief allowed under R.C. 2953.21(A)(1) narrowly. See State v. Steffen (1994),70 Ohio St.3d 399, 410. Under the doctrine of res judicata, a final judgment bars a convicted defendant from "raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. See, also, State v. Szefcyk (1996), 77 Ohio St.3d 93, 95 ("res judicata is applicable in all postconviction relief proceedings").
A petitioner can overcome the res judicata bar to post-conviction relief only if he presents competent, relevant, and material evidence dehors, or outside, the record. State v. Lawson (1995),103 Ohio App.3d 307, 315. The res judicata doctrine cannot be overcome by simply attaching as exhibits evidence that is only marginally significant. State v. Lynch (2001), Hamilton App. No. C-010209. Rather, the evidence offered must advance the petitioner's claim beyond a mere hypothesis. State v. Jones (2000), Hamilton App. No. C-990813; State v. Chafin (1999), Franklin App. No. 98AP-865. Further, the evidence relied upon must not be evidence that was in existence or available for use at the time of trial and should have been submitted at trial if the petitioner wished to make use of it. Lynch, supra; State v. Redd (2001), Lucas App. No. L-00-1148; State v. Murphy (2000), Franklin App. No. 00AP-233.
Here, defendant argues that post-conviction relief is warranted because his due process rights were violated when the trial court imposed a sentence upon him that was not consistent with the sentences imposed for similar offenses committed by similar offenders. As evidence of the dissimilarity of defendant's sentence, he offers a summary of 41 criminal cases in which the offender was sentenced in the Franklin County Court of Common Pleas for trafficking in drugs in the second or third degree. Defendant maintains that this evidence, which was not offered at defendant's sentencing, purports to provide evidence dehors the record that is sufficient to overcome the doctrine of res judicata. We disagree. The other drug trafficking sentences cited by defendant were in existence and available at the time of defendant's sentencing and should have been offered by defendant at sentencing if he wished to rely upon them. Consequently, the doctrine of res judicata bars defendant's post-conviction petition.
Defendant argues, and we recognize, that there is an inherent difficulty in presenting evidence of similar cases at sentencing when the defendant may not know there is a consistency issue until after the court has imposed sentence. However, because such evidence is available at the time of sentencing, a defendant must be prepared to at least raise the consistency issue during the sentencing hearing and/or seek to supplement the record, if necessary, with comparable cases after the sentence has been imposed.
As was demonstrated by the defendant in State v. Stern (2000),137 Ohio App.3d 110, 114-115, supplementing the record to include information regarding other, similar cases presents the appellate court with an adequate basis to determine on direct appeal whether the sentence imposed on the defendant is consistent. In Stern, the defendant maintained that he was entitled to a sentence similar to that imposed upon his co-defendant. Defendant's trial counsel supplemented the record to include the co-defendant's pre-sentence investigation and a transcript of his trial and, thus, the appellate court determined by comparing the cases that the defendant's sentence was not contrary to law. Id. at 114.
Given the limitations of post-conviction relief, appellate courts can only review the consistency of a defendant's sentence as compared to other, previously-decided sentences on direct appeal. Further, in order for an appellate court to consider the consistency argument on direct appeal, a defendant must present it before the trial court and include information regarding other, comparable sentences within the record. See State v. Jamieson (2000), Ashland App. No. 99C0A01346 (noting that the defendant's argument regarding the consistency of his sentence was not properly raised upon appeal when it had not been raised in the trial court).
As the trial court properly denied defendant's petition for post-conviction relief on res judicata grounds, we overrule defendant's second assignment of error. Because defendant's first assignment of error addresses the merits of his post-conviction petition, we overrule it as moot.
We next consider simultaneously defendant's third and fourth assignments of error. Both assignments of error relate to the trial court's denial of defendant's motion for judicial release. By his third assignment of error, defendant contends that the trial court erred in relying upon the mandatory nature of defendant's prison term in denying defendant judicial release. By his fourth assignment of error, defendant asserts that the trial court allegedly failed to specify the length of defendant's mandatory prison term.
We conclude that we lack jurisdiction to review defendant's third and fourth assignments of error. In State v. Coffman (2001),91 Ohio St.3d 125, 129, the Ohio Supreme Court held that a trial court's denial of a motion for shock probation could never be a final appealable order. The court reasoned that the denial of a motion for shock probation did not affect a "substantial right" because the statutory provision providing for shock probation conferred substantial discretion to the trial court, while simultaneously making no provision for appellate review. Id. at 128.
Although judicial release replaced shock probation effective July 1, 1996, the reasoning of Coffman remains solid. Like the statute providing for shock probation, R.C. 2929.20 the statute authorizing judicial release confers substantial discretion to the trial court, but makes no provision for appellate review. Therefore, we join the Second, Ninth and Twelfth Districts in holding that a motion denying judicial release is not a final appealable order. State v. Green, Greene App. No. 02-CA-17, 2002-Ohio-2595, at ¶ 6 ("consistent with the reasoning in Coffman, we hold that the denial of a motion for judicial release is not a final, appealable order"); State v. Galbreath (2001), Clermont App. No. CA2000-10-078 ("the denial of a motion for judicial release is not a final appealable order" subject to our review); State v. Woods (2001), Lorain App. No. 00CA007676 ("the denial of a motion for judicial release is not a final appealable order"). Because the denial of a motion for judicial release is not a final appealable order, we dismiss defendant's third and fourth assignments of error.
For the foregoing reasons, defendant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed. Defendant's third and fourth assignments of error are dismissed for want of jurisdiction.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.