JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Errol Lyons, appeals the decision of the Cuyahoga County Common Pleas Court that convicted and sentenced him for felonious assault and kidnaping after a jury found him guilty of those offenses. For the reasons that follow, we affirm in part but vacate the sentence imposed and remand for resentencing.
{¶ 2} The record reveals that appellant was a self-employed subcontractor in the business of home remodeling. At one time in his employ were two individuals by the name of Samuel Owens and Martin Dimes. Believing Dimes had stolen some tools from him, appellant and Owens arranged a meeting with Dimes at one of the homes they were remodeling. Dimes testified that appellant punched him in the face and struck him several times with a piece of wood over the course of several hours when Dimes claimed no knowledge as to the tools' whereabouts. At some point during the altercation, Owens and a third individual identified only as Myron also struck Dimes repeatedly. Two nephews of appellant or Owens were also present at this meeting but did not appear to be otherwise involved.
{¶ 3} Appellant, on the other hand, testified that Dimes struck him first and appellant then retaliated in self-defense by wresting the piece of wood from Dimes. Appellant did admit striking Dimes's legs with the wood at least three times and further admitted that he held Dimes by his collar when Dimes attempted to leave the premises. Appellant characterized the incident with Dimes as a "mutual fight" taking place over a twenty-minute time period, although Dimes and appellant remained in the house together for another thirty to thirty-five minutes just staring at each other. Claiming that he injured his back during the fight, appellant left the premises shortly thereafter. As he was leaving, appellant testified that he observed another individual come to the house. At the time appellant claims he left the house, Dimes, Owens, his nephews and this unidentified individual remained.
{¶ 4} Appellant was eventually indicted for one count each of felonious assault and kidnaping, violations of R.C. 2903.11 and 2905.01, respectively. Trial proceeded before a jury, which found appellant guilty of both offenses. He was sentenced to concurrent terms of five years on the felonious assault charge and six years on the kidnaping charge. He is now before this court and assigns four errors for our review.
 I.
{¶ 5} In his first assignment of error, appellant contends that his trial counsel was ineffective for failing to cross-examine Dimes regarding statements contained in the medical records that would exculpate appellant.
{¶ 6} In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. at 694.
{¶ 7} In the discharge summary contained in Dimes's medical records, the physician described Dimes's medical history as an assault "by an unknown number of assailants." Appellant now claims that his trial counsel was ineffective for failing to cross-examine Dimes regarding this statement because it not only casts doubt that appellant was the primary assailant but discredits Dimes's testimony. We disagree.
{¶ 8} We fail to see how a statement about the number of
assailants responsible for Dimes's injuries could be inconsistent with the identification of one of those assailants. A treating physician need not know the identity of a patient's assailants when assessing the injuries sustained. That there was one or more individuals involved may explain the severity and extent of a patient's injuries but whether there was an unknown number of assailants does not diminish Dimes's identification of appellant as one of his assailants. Nor does this statement lessen Dimes's credibility as a witness. Dimes was forthright that his injuries were not solely inflicted by appellant but others present at the home as well.
{¶ 9} There being no deficiency in trial counsel's performance, there can be no prejudice and no colorable claim for ineffective assistance of counsel. Appellant's first assignment of error is not well taken and is overruled.
 II.
{¶ 10} In his second assignment of error, appellant contends that the prosecuting attorney engaged in misconduct during closing argument by making demands for justice for the victim and making derogatory comments regarding defense counsel.[1]
{¶ 11} The role of an attorney in closing argument is to assist the jury in analyzing, evaluating and applying the evidence. State v.Brand (1978), 56 Ohio App.2d 271, 272. Ordinarily, the state is entitled to some latitude and freedom of expression during its closing argument.State v. Maurer (1984), 15 Ohio St.3d 239, 266. The test for prosecutorial misconduct during closing argument is whether the comments were improper and, if so, whether they prejudicially affected the accused's substantial rights. State v. Smith (1984), 14 Ohio St.3d 13,14; State v. Landrum (1990), 53 Ohio St.3d 107, 111. To determine prejudice, the record must be reviewed in its entirety. State v. Lott
(1990), 51 Ohio St.3d 160, 166.
{¶ 12} Viewing the prosecutor's comments as such, we see no prejudice. It is true that the prosecutor demanded justice for Dimes and attempted to shift the focus from appellant to the severity of the injuries sustained by Dimes. While this deliberate prosecutorial tactic is meant to gain sympathy from the jury, and most likely does, we cannot say that appellant was prejudiced by these comments when viewing the closing argument in its entirety.
{¶ 13} The prosecutor did make lengthy remarks about the evidence presented and correctly portrayed the state's burden of proof several times throughout his closing. The few times the prosecutor retreated to making emotional pleas for justice, while senseless and unprofessional, cannot support a claim of prejudice to the extent that appellant was denied a fair trial.
{¶ 14} The same is true of the prosecutor's comments regarding defense counsel's role as an advocate for appellant. Again, while unprofessional and not in line with the ethical aspirations of the Code of Professional Responsibility, these comments did not cause appellant prejudice when viewed in the context of the prosecutor's entire closing argument. For the most part, the prosecutor focused on the evidence presented during the state's case and what the prosecutor perceived as weaknesses in appellant's case.
{¶ 15} Consequently, we are unwilling to say that appellant was denied a fair trial even though the prosecutor made some inappropriate comments. We see no error, plain or otherwise. Appellant's second assignment of error is not well taken and is overruled.
 III.
{¶ 16} Appellant challenges the sentence imposed in his remaining assignments of error. In his third assigned error, he claims that the trial court found that the victim suffered significant physical harm to the exclusion of considering whether a six-year sentence is warranted given his past history, which included a distinguished military career, gainful employment and his sense of remorse. In that regard, he claims that the sentence imposed is not justified as being "consistent with sentences imposed for similar crimes committed by similar offenders" as is required by R.C. 2929.11(B). His fourth assigned error challenges the trial court's failure to impose the minimum sentence or community control sanctions as is required by R.C. 2929.14(B) since he never previously served a prison term.
{¶ 17} A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). In this case, appellant was convicted of felonious assault, which is a second degree felony pursuant to R.C. 2903.11, and kidnaping, which is a first degree felony pursuant to R.C. 2905.01. If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of two, three, four, five, six, seven or eight years is required for a second degree felony under R.C. 2929.14(A)2) while a definite term of three, four, five, six, seven, eight, nine or ten years is required for a first degree felony under (A)1) of that same statute.
{¶ 18} The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Towards that end, R.C. 2929.11(A) provides:
 {¶ 19} To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 A.
{¶ 20} With these principles in mind, we will first address whether the trial court complied with R.C. 2929.14(B) as argued in appellant's fourth assignment of error.
{¶ 21} This statute provides, in relevant part:
 {¶ 22} * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
{¶ 23} In sentencing appellant, the trial court stated:
 {¶ 24} * * * Mr. Lyons, you were convicted of first and second degree felonies. There is a presumption of incarceration on those levels of crime and you have not overcome the presumption and, therefore, you are going to be sentenced to prison.
 {¶ 25} The fact of the matter is Mr. Dimes suffered serious physical injury throughout the course of the beating which he sustained. He was in the hospital five days, three of which were in intensive care. He has medical bills that remain unpaid at this stage. He hasn't been able to work for a number of months. His jaw is wired the testimony was [sic] during the course of the trial. There's going to be further procedures to take care of his injuries in the future.
 {¶ 26} Therefore, Mr. Lyons, the Court is going to sentence you to prison on Count 1 for a term of five years and Count 2 to a term of six years. Those terms will run concurrent to one another * * *.
{¶ 27} The above excerpt is the extent of the trial court's rationale for imposing the term of imprisonment that it did. The presentence investigation report in this case supports that appellant has never served a prison term. It is true that he was convicted for participating in a riot in 1989 and for attempted drug abuse in 1993 for which he received two suspended jail sentences. Even had these sentences not been suspended, time spent in "jail" is not equivalent to serving a prison term. See R.C. 2929.01(V) and 2929.01(CC); see, also, State v.Edmonson (1999), 86 Ohio St.3d 324, 328, fn. 1; State v. Edel, Cuyahoga App. No. 79343, 2002-Ohio-651, 2002 Ohio App. Lexis 698; State v. Cook
(Dec. 7, 2000), Cuyahoga App. No. 77101, 2000 Ohio App. Lexis 5712. Since appellant had not previously served a prison term, the court was then required to note on the record that "it engaged in the analysis and that it had varied from the minimum for at least one of the two sanctioned reasons" prescribed by statute when imposing a term of imprisonment in excess of the minimum. Edmonson, at 326. Here, the record does not support that the trial court considered the minimum sentence let alone that it engaged in the required analysis when it chose to depart from that minimum. Its failure to do so requires this court to remand for resentencing. Id.
{¶ 28} Appellant's fourth assignment of error is well taken and is sustained.
 B.
{¶ 29} In his third assignment or error, appellant argues that the trial court violated R.C. 2929.11(B) when it failed to insure that the sentence imposed was consistent with similar sentences for similar offenders.
{¶ 30} We reiterate that this statutory provision requires a sentencing court to impose a sentence that is "consistent with sentences imposed for similar crimes committed by similar offenders." There was some discussion during oral argument regarding whether it is the trial court or the parties who bear the burden of providing the necessary information from which the sentencing court can impose a consistent sentence in compliance with this statute. The mandate for consistency is contained within the statutory provision addressing the purposes of felony sentencing and is directed to the trial court. We, therefore, believe that it is the trial court's responsibility to insure that it has the appropriate information before it when imposing sentence in order to comply with the purposes of felony sentencing.
{¶ 31} Appellant urges this court to adopt the reasoning in Statev. Stern (2000), 137 Ohio App.3d 110, wherein it stated that it is the sentencing court's responsibility to insure consistency among the sentences it imposes. In that case, the First District Court of Appeals upheld the trial court's decision imposing a longer term of imprisonment upon one co-defendant noting that the two defendants were charged with different offenses thereby justifying the longer term. In so doing, it found that the defendant's sentence was not contrary to law.
{¶ 32} While not disagreeing with that reasoning, the state claims that Stern is distinguishable because that case involved two co-defendants who received dissimilar sentences, a factual scenario unlike the instant case. We disagree. The mandate for consistency is statutory and not based on decisional law. In this regard, there is no distinction within the statute that the consistency mandate is limited to defendants tried together.
{¶ 33} We acknowledge that this mandate is rather amorphous in its direction and gives the trial court little guidance in its implementation. We are hopeful, however, that with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute. Since we discern no such compliance from the record before us, the trial court is cautioned to follow the reasoning espoused in Stern to the extent that it must insure that any sentence it imposes is consistent with that imposed for similar crimes by similar offenders.
{¶ 34} Appellant's third assignment of error is well taken and is sustained.
Affirmed in part, sentence vacated and remanded for resentencing.
This cause is affirmed in part but the sentence imposed is vacated and remanded for resentencing consistent with the opinion herein.
It is, therefore, ordered that appellant and appellee equally share costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. and DIANE KARPINSKI, J., CONCUR.
[1] Because there was no objection made during the prosecutor's closing argument, we review this assigned error for plain error under Crim.R. 52(B).