OPINION.
{¶ 1} The defendant-appellant, Michael Ryan, appeals the sentence imposed by the trial court following his guilty plea to abduction in violation of R.C. 2905.02. In his two assignments of error, he contends that (1) the trial court's imposition of the maximum five-year prison term for a third-degree felony is not supported by the record, and (2) that the sentence is not consistent with sentences imposed for similar crimes committed by similar offenders as required by R.C. 2929.11(B). We overrule the assignments of error and affirm Ryan's sentence.
 {¶ 2} At approximately eight-thirty in the morning on the day of the offense, Ryan was in a state of intoxication, having already consumed a fifth of alcohol. He was in downtown Cincinnati and followed the victim, Laura Hargett, from a store into the elevator of the office building where she worked. After the other passengers disembarked at their various floors, Ryan and Hargett were left alone in the elevator. As she was attempting to exit at her floor, Ryan grabbed her to prevent her from leaving. As Hargett described it, "He [Ryan] had me in a football lock. He was tackling me." Hargett screamed and struggled to prevent the elevator doors from closing. Co-workers came to her aid. Ryan escaped their grasp and fled down the stairs and hid in the stairwell until he could again get in the elevator and escape out the front door. As he ran from the building, a building employee obtained the number of the license plate on Ryan's automobile. He was arrested a week later.
 {¶ 3} In exchange for his guilty plea to abduction, the prosecutor dismissed the second count of the indictment, felonious assault, a second-degree felony. The trial court continued the matter for sentencing. Ryan, however, failed to appear on the scheduled sentencing date because he had been arrested for driving under the influence and confined in Georgetown, Ohio. The trial court revoked Ryan's bail and requested the sheriff to place a holder against him with the Brown County authorities. When he finally appeared for sentencing, the trial imposed the maximum five-year prison term.
 {¶ 4} In his first assignment of error, Ryan challenges the trial court's imposition of the maximum sentence. The longest prison term is reserved for the worst felony offenders — those who have committed the worst forms of the offense or pose the greatest likelihood of recidivism. R.C. 2929.14(C). In addition to making the basic sentencing findings required by R.C. 2929.14(C), the trial court must make additional findings before meting out the maximum sentence. R.C. 2929.19(B)(2)(d).
 {¶ 5} Ryan concedes that the trial court made the necessary statutory findings to impose the longest prison term, but he contends that the trial court's findings are contrary to law, by which he means that they are not supported by the record. Ryan correctly points out that since he had not previously served a prison term, R.C. 2929.14(B) entitled him to a presumption that his first prison term would be the shortest prison sentence, in this case one-year for a third-degree felony. The trial court, however, concluded that the shortest prison term would demean the seriousness of Ryan's conduct and would not adequately protect the public from future crime. The court found that the "more serious" factors outweighed the "less serious" factors based upon Hargett's statement that she had suffered serious psychological harm from the incident. Hargett told the trial court that she had been diagnosed with a manic-depressive disorder that had been severely exacerbated by the fright and stress caused by Ryan's behavior in the confines of the elevator.
 {¶ 6} The trial court noted that Ryan posed the greatest likelihood of recidivism on its signed felony-sentencing worksheet and articulated its reasons on the record for selecting the longest sentence. The trial court emphasized Ryan's prior convictions for disorderly conduct in 1997 and public intoxication in 2001, the evidence of his history of alcohol abuse, his intoxication at the time of the offense, and his subsequent arrest for DUI while he had been released on bail awaiting sentence. The trial court further observed that Ryan, at forty-eight years of age, was still in a state of "denial with alcoholism" and had showed no genuine remorse, insisting that he had "just bumped into" Hargett in the elevator.
 {¶ 7} In order to disturb the trial court's recidivism findings, we would have to "clearly and convincingly" conclude that the record does not support them. R.C. 2953.08(G)(2). We hold that the record, however, amply supports the court's findings that Ryan posed the greatest likelihood of recidivism. It is, therefore, unnecessary for us to decide if Ryan's conduct also constituted the worst forms of the offense.
 {¶ 8} Ryan also contends that the five-year prison term for abduction was not "consistent with sentences imposed for similar crimes committed by similar offenders," as required by R.C. 2929.11(B). He attempts to demonstrate the alleged inconsistency by including in his brief a list of citations to seventeen decisions from various appellate districts, six of which are from this court, and the sentence imposed in each case. Fourteen of these cases involved convictions for felonious assault in which the victims sustained serious physical injuries. Of particular note, one case from our court involved a defendant who had been indicted for abduction and the third-degree felony of robbery but had been sentenced only for the robbery to a prison term of one year. Of the seventeen cases, the maximum five-year prison term was imposed in only five.
 {¶ 9} Judge Burt W. Griffin and Professor Lewis R. Katz have recently written an enlightening article clarifying for appellate courts the guidelines for achieving consistency in sentencing. Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R. L. Rev. 1, 12. According to the article, the three basic principles for achieving the overriding purpose of felony sentencing set forth in R.C. 2929.11(B) are (1) reasonableness, (2) proportionality, and (3) consistency. Id. at 7-18.
 {¶ 10} The Ohio plan attempts to assure proportionality in felony sentencing through consistency. R.C. 2929.11(B). Consistency, however, does not necessarily mean uniformity. Instead, consistency aims at similar sentences. Accordingly, consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors. Id. at 12. The task of the appellate court is to examine the available data not to determine if the trial court has imposed a sentence that is in lockstep with others, but whether the sentence is so unusual as to be outside the mainstream of local judicial practice. Id. at 13. Although offenses may be similar, distinguishing factors may justify dissimilar sentences. Id. at 15.
 {¶ 11} An obstacle to appellate review for consistency of individual sentences under the Ohio plan is the current lack of acceptable sentencing data and records from which to determine the mainstream sentencing range for specific offenses. Although the Ohio Criminal Sentencing Commission is apparently engaged in a pilot project to collect computerized data to assess consistency, the program has not yet been implemented. Id. at 14, 57. Absent such a data bank, however, appellate courts can still compare similar cases for consistency in sentencing.
 {¶ 12} We reject the state's argument that since the list of cases included in Ryan's brief was not submitted below, they cannot be used to demonstrate inconsistency on appeal. The cases are legal citations that form a part of Ryan's argument that his sentence is outside of the mainstream. However, a random list of citations to appellate decisions is of dubious value in this regard since it does not necessarily take into account all the unique factors that may distinguish one case from another. Indeed, to rely on appellate cases alone excludes cases involving sentences that have not been appealed or that have resulted from agreements involving guilty or no-contest pleas. It is difficult to glean from an appellate decision, without the benefit of the entire record, whether the third-degree felony there at issue is, in fact, at all similar to the one under consideration. Ultimately, even with the benefit of these cases, we must ask ourselves whether, pursuant to R.C. 2929.11(B), the sentence was "reasonably calculated to achieve the overriding purposes of felony sentencing" and whether it was "commensurate with the seriousness of the offender's conduct and the impact on the victim." State v. Stern (2000),137 Ohio App.3d 110, 115, 738 N.E.2d 76.
 {¶ 13} Here, Ryan presented the trial court with a history of alcohol abuse for which he appeared to be still in a state of denial. On the day of the offense, Ryan was heavily intoxicated at eight-thirty in the morning. While Ryan attempted to dismiss his conduct as mere boorish behavior, the victim told of being placed in a "football" lock and prevented from leaving the elevator, suggesting a more sinister motive. Ryan engaged in such behavior with a total stranger whom he had followed into the building. According to the trial court, he did not display genuine remorse, and his continued alcohol abuse and his arrest between his guilty plea and the scheduled date for his sentencing were undoubtedly self-destructive, providing an assurance of the potential for recidivism. On balance, we cannot clearly and convincingly say that a five-year prison term was not commensurate with the seriousness of Ryan's conduct and its enduring impact upon the victim. We hold, therefore, that the trial court's sentence is supported by the record and satisfies considerations of reasonableness, proportionality, and consistency.
The judgment of the trial court is affirmed.
Judgment affirmed.
HILDEBRANDT, P.J., and SUNDERMANN, J., concur.