{¶ 46} I respectfully concur in part and dissent in part. Although I concur with the majority's disposition regarding assignments of error one and two, with respect to assignment of error three, I would find that the trial court erred in sentencing appellant because it did not undergo the necessary analysis to insure that appellant's sentence was consistent with sentences imposed on similar offenders.
 {¶ 47} The mandate for consistency in sentencing is set forth in R.C. 2929.11(B), as follows:
 {¶ 48} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimescommitted by similar offenders." (Emphasis added.)
 {¶ 49} As we have previously determined, because this mandate is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons,
Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30. See, also, Statev. Stern (2000), 137 Ohio App.3d 110. As we stated in Lyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Id. at ¶ 33.
 {¶ 50} Here, it is apparent that the trial court made absolutely no effort to engage in the analysis required by R.C. 2929.11. When advised that appellant's co-defendant received only an 18-month sentence, the trial judge merely responded, "Gee, that's too bad," and then proceeded to sentence appellant to maximum, consecutive sentences totaling 43 years. The trial judge gave no explanation for this incongruous inconsistency in sentencing.
 {¶ 51} The majority attempts to rationalize this obvious inconsistency by asserting that the mandate contained in R.C. 2929.11(B) is merely a "guideline" rather than a requirement. Whether called a "guideline," State v. Quine (2002), Summit App. No. 20968,2002-Ohio-6987 at ¶ 16, "proportionality mandate," State v. Bolton
(2002), Cuyahoga App. No. 80263, 2002-Ohio-4571, ¶ 19, "specific prerequisite," Id., or "required analysis," State v. Smith, Cuyahoga App. No. 81056, 2003-Ohio-168, ¶ 7, it is apparent that R.C. 2929.11(B)requires that "a sentence imposed for a felony shall be * * * consistentwith sentences imposed for similar crimes committed by similaroffenders." Thus, although, unlike many parts of the sentencing statutes, R.C. 2929.11(B) does not require the trial judge to make express findings, it does require the trial judge to engage in adequate analysis to ensure consistency among the sentences it imposes.
 {¶ 52} Here, it is patently clear that the trial judge did not do so. The judge was specifically advised that appellant's co-defendant received only 18 months for committing the same crime, clearly suggesting that appellant's 43-year sentence did not meet the consistency requirement of R.C. 2929.11(B). The record reflects that the trial judge did not consider this information, however, before imposing appellant's sentence.
 {¶ 53} I recognize that consistency does not require uniformity, Griffin Katz, Felony Sentencing Law (2001), 59, and there may, in fact, be valid reasons for the discrepancy between appellant's and the co-defendant's sentences. When presented with evidence of the gross disparity between appellant's and the co-defendant's sentences, however, the trial judge should have considered the information in making his sentencing decision and distinguished appellant's sentence from that of his co-defendant to ensure that appellant's sentence met the consistency requirement of R.C. 2929.11(B). Quine, supra at ¶ 16.
 {¶ 54} Accordingly, I would affirm in part and reverse in part, remanding this case for re-sentencing in accordance with R.C. 2929.11(B).