{¶ 2} I respectfully concur in part in judgment only with the majority opinion. I dissent, however, regarding the majority's resolution of appellant's third assignment of error.
 {¶ 3} The majority concludes that the trial court's sentence of three consecutive six-year terms was proportional "to the seriousness of Douse's conduct" even though the record is silent regarding whether the trial court conducted any analysis to insure that appellant's sentence was consistent with sentences imposed on similar offenders.
 {¶ 4} The mandate for consistency in sentencing is set forth in R.C. 2929.11(B) as follows:
 {¶ 5} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimescommitted by similar offenders." (Emphasis added.)
 {¶ 6} Thus, as an initial matter, the majority misconstrues the statute in concluding that appellant's sentence was proportional to the seriousness of his conduct. The statute requires that a sentence be commensurate with the seriousness of the offender's conduct and consistent, i.e., proportional, with sentences imposed on otheroffenders.
 {¶ 7} "The requirement of consistency addresses the concept of proportionality by directing the court to consider sentences imposed upon different offenders in the same case or on offenders in other similar cases. The consistency concept gives legal relevance to the sentences of other judges. It adopts the premise that an overwhelming majority of judges sentence similarly, that a relatively small minority sentence outside of the mainstream, and that sentences outside of the mainstream of judicial practice are inappropriate." Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12-13.
 {¶ 8} As this court has previously determined, because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424, at ¶ 30. See, also, State v. Stern (2000), 137 Ohio App.3d 110. As we stated in Lyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Id. at ¶ 33.
 {¶ 9} Here, the record is devoid of any indication that the trial judge either recognized the consistency mandate or made any attempt to comply with its requirement. The majority attempts to rationalize this obvious deficiency by asserting that there is no requirement that a trial court make findings on the record to demonstrate that it complied with the mandate contained in R.C. 2929.11(B). It is apparent, however, that the statute requires that "a sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." Thus, although unlike many parts of the sentencing statutes R.C. 2929.11(B) does not require the trial judge to make express findings, it does require the trial judge to engage in adequate analysis to ensure consistency among the sentences it imposes.
 {¶ 10} There is no indication in this record that the trial court did so. As the Ohio Supreme Court stated recently, "consistency and proportionality are hallmarks of the new sentencing law." State v. Comer, ___ Ohio St.3d ___, 2003-Ohio-4165, at ¶ 21. If that is true, given appellant's reference to other cases in which lesser sentences for greater crimes were imposed, I cannot, on this silent record, find that the trial court complied with the statutory mandate of R.C. 2929.11(B) to ensure consistency in appellant's sentence. Accordingly, I would reverse and remand for resentencing in accordance with R.C. 2929.11(B).