{¶ 22} I concur with the majority's resolution of appellant's first assignment of error but concur in judgment only regarding assignment of error two and write separately to address the consistency in sentencing issue raised by appellant.
 {¶ 23} The mandate for consistency in sentencing is set forth in R.C. 2929.11(B) as follows:
 {¶ 24} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 25} "The requirement of consistency addresses the concept of proportionality by directing the court to consider sentences imposed upon different offenders in the same case or on offenders in other similar cases. The consistency concept gives legal relevance to the sentences of other judges. It adopts the premise that an overwhelming majority of judges sentence similarly, that a relatively small minority sentence outside of the mainstream, and that sentences outside of the mainstream of judicial practice are inappropriate." Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12-13.
 {¶ 26} As this court has previously determined, because the mandate of consistency in sentencing is directed to the trial court, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons, Cuyahoga App. No. 80220,2002-Ohio-3424, ¶ 30. See, also, State v. Stern (2000),137 Ohio App.3d 110. As we stated in Lyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decision in compliance with this statute." Lyons, supra at ¶ 33.
 {¶ 27} Thus, I disagree with the majority's conclusion that the requirement of consistency in sentencing is merely "a guide for a sentencing judge to follow in conformity with the overriding purpose of felony sentencing," rather than a statutory requirement.
 {¶ 28} I recognize, however, that trial courts are limited in their ability to address the consistency mandate and appellate courts are hampered in their review of this issue by the lack of a reliable body of data upon which they can rely. As noted by this court in State v.Biascochea, Cuyahoga App. No. 82481, 2003-Ohio-4950, fn. 2:
 {¶ 29} "Although R.C. 2929.11(B) directs trial courts to impose felony sentences which are `consistent with sentences imposed for similar crimes by similar offenders,' the legislature has not identified the means by which the courts should attain this goal. Neither individual practitioners, government attorneys, trial courts nor appellate courts have the resources to assemble reliable information about sentencing practices throughout the state. State v. Haamid, Cuyahoga App. Nos. 80161, and 80248, 2002-Ohio-3243 (Karpinski, J., concurring). Identification of the data and factors which should be compared in deciding whether a crime or an offender is `similar' in itself would be a massive task, yet the identification of such data would be essential even to begin to build a database. Unless and until someone undertakes this daunting task, `appellate courts will be able to address the principle of consistency only to a very limited degree.'"
 {¶ 30} Here, however, we are once again presented with a case in which the defendant failed to present any evidence to the trial court that his sentence was inconsistent with sentences imposed on similar offenders and merely raised the inconsistency issue on appeal. Although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal.