JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Melissa Richardson appeals the two-year prison sentence imposed by the trial court following her no-contest plea to burglary in violation of R.C. 2911.12, a second-degree felony.
In her sole assignment of error, Richardson argues that her sentence is contrary to law and is not supported by the record. More particularly, she contends that her sentence is inconsistent with the sentences of her two co-defendants and with the sentences of other offenders sentenced for burglary in Hamilton County within the same six-month period as she. Richardson also takes issue with the trial court's findings, or lack thereof, and argues that, at the sentencing hearing, she successfully rebutted the statutory presumption of prison for a second-degree felony.
R.C. 2953.08(G)(2) provides that a reviewing court may modify a sentence only if it finds clearly and convincingly that the record does not support the sentencing court's findings or that the sentence is contrary to law. R.C. 2929.11(B) provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
This court has held that the goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve "consistency," not uniformity.[1]
"Consistency accepts divergence within a range of sentences and takes into consideration the trial court's discretion to weigh relevant statutory factors."[2] As such, the concept of consistency recognizes that enormous differences for the same statutory offense may exist due to factual situations and offender characteristics.[3] Because of these differences, we have held that "consistency does not require that identical sentences be imposed for co-defendants," nor does it require the imposition of identical sentences for offenders who have committed the same offense.[4] Rather, consistency merely requires the trial court to weigh the same statutory sentencing factors for each defendant.[5] Thus, our role in evaluating a sentence challenged for inconsistency is to determine (1) whether the trial court properly considered the factors and guidelines contained in the sentencing statutes,[6] and (2) whether the record supports those findings, so that the sentence is not "outside the mainstream of local judicial practice."[7]
In this case, the record reflects that the trial court considered the relevant statutory factors at Richardson's sentencing hearing. The trial court noted that Richardson had pleaded no-contest to burglary, a second-degree felony that carried a presumption of imprisonment. The trial court then reviewed and weighed the statutory factors relating to recidivism and the seriousness of the crime. The trial court stated that the victims had suffered serious psychological harm, thus making the offense more serious than conduct normally constituting the offense. Under the recidivism factors, the trial court stated that Richardson was likely to commit future crimes because she had prior delinquencies and convictions. Thus, the trial court found that Richardson was unable to overcome the statutory presumption of a prison term. Because the trial court engaged in the appropriate statutory analysis by weighing the relevant statutory factors, and because those findings are supported by the record, we cannot say the trial court's imposition of a prison term is contrary to R.C. 2929.11(B).
Moreover, there is no evidence in the record to show that Richardson's sentence is inconsistent with or disproportionate to other Hamilton County offenders or to the sentences of her co-defendants. According to Richardson's own statistics, only fifteen percent of Hamilton County offenders convicted of second-degree burglary within the same time frame as Richardson were able to rebut the presumption of prison. The remaining eighty-five percent of offenders received prison terms. Richardson's sentence is also not disproportionate to the sentences of her two co-defendants. The adult co-defendant pleaded guilty to breaking and entering, a fourth-degree felony and received ninety days in jail and five years' community control. The juvenile co-defendant was adjudicated delinquent for breaking and entering and sentenced to a juvenile detention facility. The record reveals that Richardson was described by her co-defendants as the "ringleader" of the group, who had planned the burglary and had told them what role to play. Richardson and the juvenile codefendant had entered the house and each brought stolen items outside, while the adult codefendant had acted as the lookout. The trial court was entitled to take these facts, as well as Richardson's prior criminal history, into consideration as justification for imposing a longer prison term on Richardson.[8]
Because Richardson's prison sentence was commensurate with the seriousness of her offense and her criminal history and was not directly disproportionate to the sentences imposed upon her co-defendants or upon similar Hamilton County offenders, we overrule her sole assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.
[1] State v. Ryan, 1st Dist No. C-020283, 2003-Ohio-1188, at ¶ 10;State v. Heidorn, 1st Dist No. C-030700, 2004-Ohio-3749, at ¶ 13.
[2] Ryan, supra, at ¶ 10.
[3] Id.
[4] State v. Rowland (May 11, 2001), 1st Dist No. C-000592; see also,State v. Stern (2000), 137 Ohio App.3d 110, 115, 738 N.E.2d 76.
[5] Heidorn, supra, at ¶ 13.
[6] Id. at ¶ 14.
[7] Ryan, supra, at ¶ 10.
[8] Stern, supra, at 115; Ryan, supra, at ¶ 10.