{¶ 21} I respectfully concur in part and dissent in part. I concur with the majority's finding that the trial court did not adequately satisfy the requirements of R.C. 2929.14(E)(4) in sentencing appellant to consecutive sentences, and that the sentence appellant received was inconsistent and disproportionate to similarly situated defendants. However, pursuant to R.C. 2953.08, which governs appeals from felony sentences, I would modify the sentence rather than reverse and remand the case to the trial court.
 {¶ 22} R.C. 2953.08 provides that this court's review of appellant's sentence is de novo. Further, R.C. 2953.08(G) provides that a reviewing court may modify a felony sentence if it finds by clear and convincing evidence one of the following: "(a) that the record does not support the sentencing court's findings * * * [or] (b), that the sentence is otherwise contrary to law." Under R.C. 2953.08(F), this court's review of the record shall include any presentence, psychiatric, or other investigative report submitted to the court in writing prior to the imposition of sentence, and any oral or written statements made to or by the court at the sentencing hearing.
 {¶ 23} In this case, the trial court erred, in part, in sentencing appellant because it did not undergo the necessary analysis to insure that appellant's sentence was consistent with sentences imposed on similar offenders.
 {¶ 24} The mandate for consistency in sentencing is set forth in R.C. 2929.11(B) as follows:
 {¶ 25} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 26} This mandate is directed to the trial court and, thus, it is the trial court's responsibility to insure consistency among the sentences it imposes. See State v. Lyons, Cuyahoga App. No. 80220, 2002-Ohio-3424. See, also, State v. Stern (2000), 137 Ohio App.3d 110,738 N.E.2d 76. As this court stated in Lyons, "with the resources available to it, a trial court will, and indeed it must, make these sentencing decisions in compliance with this statute." Id. at ¶ 33.
 {¶ 27} Here, appellant's counsel filed a comprehensive sentencing memorandum in the trial court prior to the sentencing hearing setting forth examples of similar cases where defendants drove under the influence of alcohol and one or more deaths resulted. A review of those cases shows that even in the cases where an aggravating factor(s) was present, defendants in Cuyahoga County were not sentenced to the maximum term.[1]
 {¶ 28} The one case relied on by the trial court as justification for sentencing appellant to maximum, consecutive sentences, State v. Sneed,
Cuyahoga App. No. 80902, 2002-Ohio-6502, is readily distinguishable from the instant case. First, at the time of the accident that gave rise to the charges in that case, Sneed was on probation for another DUI accident. Second, even though Sneed was on probation for a similar offense at the time of the crime, he did not receive the maximum sentence but, rather, was sentenced to one year shy of the maximum sentence.[2]
Moreover, Sneed reacquired his car keys after they had been taken away from him, and in addition to the two victims who died as a result of his actions, he caused injuries to five other victims. Thus, I believe that the trial court's reliance on Sneed was misplaced, in that Sneed, who had several aggravating factors present in his case and whose actions caused two deaths and five injuries, unlike this case, received less of a sentence than appellant did in this case.
 {¶ 29} Furthermore, after appellant was sentenced, defense counsel filed a post-sentencing motion to mitigate sentence, (which was never ruled on by the trial court) wherein defense counsel cited the sentencing of another defendant, which occurred the day before appellant's sentencing, who drove the wrong way while under the influence of alcohol, caused two deaths, and received two consecutive three-year sentences. Thus, based on that case, defense counsel argued that appellant's sentence was inconsistent and disproportionate.
 {¶ 30} I recognize that consistency does not require uniformity, Griffin Katz, Felony Sentencing Law (2001), 59, and there may, in fact, be valid reasons for the discrepancy between one defendant and other defendants' sentences. When presented with evidence of the gross disparity between a defendant and other defendants' sentences, as was done for the trial court by defense counsel in this case, however, the trial judge should consider the information in making its sentencing decision and distinguish the defendant's sentence from that of the other defendants to ensure that the defendant's sentence meets the consistency requirement of R.C. 2929.11(B). State v. Quine, Summit App. No. 20968, 2002-Ohio-6987, at ¶ 16. That did not happen in this case.
 {¶ 31} It is unusual for this court to have a plethora of information regarding consistency in sentencing made part of the record. This is the level of research and care this court has been encouraging since the issue of consistency has come before it. Accordingly, when an appellate court has ample evidence in the record concerning all sentencing issues, it is appropriate to modify the sentence pursuant to R.C. 2953.08 if it finds the sentence to be in error pursuant to R.C. 2929.11(B).
 {¶ 32} A de novo review of the record in this case does not support a maximum, consecutive sentence and, therefore, I would modify the sentence pursuant to R.C. 2953.08 to reflect a sentence in accordance with R.C.2929.11(B).
[1] The trial court stated at sentencing that "[j]udges of our court [give] maximum consecutive sentences to drunk drivers for causing a death[,]" but did not indicate cases where that occurred. The State did not file a sentencing memorandum, or oppose the one filed by defense counsel, setting forth instances where defendants were sentenced to the maximum, consecutive term for circumstances similar to the within case.
[2] Sneed was sentenced to a total of 15½ years in prison for two counts of aggravated vehicular homicide with a driving under the influence specification, five counts of aggravated vehicular assault with a driving under the influence specification, and one count of driving under the influence.