DECISION.
Defendant-appellant Dempsey Dejanette appeals from his convictions, following a jury trial, for robbery, in violation of R.C. 2911.02(A)(2), and for kidnapping, in violation of R.C. 2905.01(A)(2). On March 12, 2001, Dejanette entered the Price Hill branch of the Family Dollar store, subdued the store manager at gunpoint, tied her hands behind her back with a length of electric cord, and then emptied the store's cash tills. The parties stipulated that Dejanette's fingerprints were found on the adapter of the electric cord used to bind the manager. The manager identified Dejanette as the perpetrator. Dejanette presented five witnesses on his behalf and gave testimony in his case-in-defense. At the conclusion of the trial, the jury also found Dejanette not guilty of the firearm specifications attached to the kidnapping count and of a separate count charging him with aggravated robbery and its accompanying firearm specifications. The state had dismissed two additional robbery and kidnapping counts.
In two assignments of error, Dejanette contests the weight and the sufficiency of the evidence and contends that the trial court erred by imposing a sentence that did not comply with Ohio's felony-sentencing guidelines. Because the trial court failed to inform Dejanette of the ramifications of post-release control, his sentence is invalid, and the case must be remanded for resentencing.
Weight and Sufficiency of the Evidence
In his first assignment of error, Dejanette challenges the trial court's denial of his motion for a judgment of acquittal and the weight and the sufficiency of the evidence adduced at trial to support his convictions. Our review of the record fails to persuade us that the jury, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541.
The jury was entitled to reject Dejanette's theory that his fingerprints came to be found in the back office because he had previously been to the Family Dollar store to apply for a job. Dejanette highlighted conflicts in the testimony of the state's witnesses, including the manager's identification, the assertion by police officers that other suspects had been investigated, and whether he had used a firearm to effect the robbery. The weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine; inconsistencies in the evidence were for the jury to resolve. See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
The record also reflects substantial, credible evidence from which the jury could have reasonably concluded that the state had proved all elements of the charged crimes beyond a reasonable doubt, including that Dejanette had committed a theft offense while inflicting or threatening to inflict physical harm on the manager, and that he had forcibly restrained the manager to effect the robbery and his escape. See Statev. Waddy (1991), 63 Ohio St.3d 424, 588 N.E.2d 819, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338.
Moreover, the trial court did not err in denying the motions for acquittal, as reasonable minds could have reached different conclusions as to whether each element of the crimes charged had been proven beyond a reasonable doubt. See Crim.R. 29; see, also, State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184. The first assignment of error is overruled.
Sentencing
In his second assignment of error, Dejanette raises three arguments in support of his claim that the trial court erred in imposing sentence. He first argues that the trial court erred by imposing maximum and consecutive sentences without making the proper findings required by R.C. Chapter 2929.
To impose a maximum sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the felon either has committed the worst form of the offense or poses the greatest likelihood of recidivism. See R.C. 2929.14(C); see, also, State v.Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 26. A trial court sentencing an offender to a maximum prison term must make the required findings and specify on the record its reasons supporting those findings. See R.C. 2929.19(B)(2)(e). Here, the trial court properly justified its sentence, noting that Dejanette had been on parole for a similar offense for only four months when he committed the robbery at the Family Dollar store. Therefore, the trial court properly concluded that Dejanette posed the greatest likelihood of recidivism and merited the longest prison term available. See R.C. 2929.14(C).
Next, Dejanette contests the trial court's imposition of consecutive sentences pursuant to R.C. 2929.14(E). See R.C. 2953.08(A)(4). A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public. See R.C. 2929.14. Additionally, the court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense; (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him. When imposing consecutive sentences, the trial court must, pursuant to R.C. 2929.19(B)(2)(c), make the required findings and provide its reasons for imposing consecutive sentences.
Here, the trial court made the required findings and gave reasons that supported those findings. See State v. Edmondson (1999), 86 Ohio St.3d 324,328, 715 N.E.2d 131. The court noted on its sentencing worksheet and stated at the sentencing hearing that Dejanette's criminal history demonstrated a need to protect the public, and that he had recently been placed on parole for a similar offense.
Dejanette next argues that the trial court erred in sentencing him for both robbery and kidnapping when they were allied offenses of similar import and represented a "single course of conduct which should [have] result[ed] in one sentence being imposed." R.C. 2941.25.
A strict comparison-of-the-statutory-elements test is now used to determine whether offenses are allied and of similar import. See Statev. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, paragraph one of the syllabus; see, also, State v. Stern (2000), 137 Ohio App.3d 110,116, 738 N.E.3d 76. If the two offenses each contain a separate element, "the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." State v. Rance,85 Ohio St.3d at 636, 1999-Ohio-291, 710 N.E.2d 699.
Here, considered in the abstract, kidnapping required proof that Dejanette restrained his victim for the purpose of facilitating the commission of a felony. But a conviction for robbery required proof that the force was applied merely to effect a theft offense, which is often a misdemeanor. See R.C. 2911.02(A)(2) and 2913.01; see, also, State v.Brahler, 8th Dist. No. 79710, 2002-Ohio-2252, at ¶ 3. "[A]ligning the [statutorily defined] elements of each crime in the abstract," we hold that each offense required proof of an element that the other did not, and that they were not allied offenses of similar import. State v.Rance, 85 Ohio St.3d at 638, 1999-Ohio-291, 710 N.E.2d 699.
Finally, Dejanette contends that the trial court erred by failing, pursuant to the mandate of R.C. 2929.19(B)(3), to notify him at his sentencing hearing of the possibility of post-release control and the ramifications of violating post-release supervision or post-release-control sanctions. See Woods v. Telb (2000), 89 Ohio St.3d 504,513, 2000-Ohio-171, 733 N.E.2d 1103, paragraph two of the syllabus; see, also, State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 31; see, also, R.C. 2967.28.
As the state concedes, the trial court failed to verbally notify Dejanette about the possibility of post-release control at the sentencing hearing. In accordance with this court's decision in State v. Lattimore, at ¶ 33, we must vacate the sentence and remand this case so that the trial court can properly advise Dejanette pursuant to R.C.2929.19(B)(3)(c) and (e). The second assignment of error is sustained.
Conclusion
Therefore, we affirm the trial court's judgment with respect to the findings of guilt. But we vacate Dejanette's sentence and remand this cause for the trial court to notify Dejanette about (1) the potential for supervision under R.C. 2967.28 after he leaves prison, and (2) the ramifications of violating any period of post-release supervision or any condition of post-release control, see R.C. 2929.19(B)(3), and for the reimposition of sentence following that notification.
Judgment accordingly.
Gorman, P.J., Sundermann and Winkler, JJ.